06-21994

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

LEYLA MOSQUERA, and JOSE G.
HERNANDEZ, on behalf
of themselves and all others similarly
situated,

**COMPLAINT FOR DAMAGES**

Plaintiffs,

ROYCE CORPORATION, a Delaware
corporation, d/b/a in Florida as Havea
Corp., MARIAN MOSCU, individually,
and ROBERTO BANDEL, individually,

Defendant.
_____/

Plaintiff, JOSE G. HERNANDEZ, on her own behalf and all others similarly situated, and LEYLA MOSQUERA, individually, and on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through their undersigned counsel, hereby sues Defendants, ROYCE CORPORATION, a Delaware corporation, d/b/a in Florida as Havea Corp., ("ROYCE"), MARIAN MOSCU, individually ("MOSCU") individually, and ROBERTO BANDEL ("BANDEL"), and in support thereof, states:

1. This is an action for damages on behalf of Plaintiffs and all others similarly situated, all of whom are or were employees of Defendants as provided for pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et. seq.

2. This Honorable Court has jurisdiction of the instant matter as provided pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 216(b).

3. Venue is proper in this Honorable Court in that all of the acts pertinent hereto occurred in Miami Dade County, Florida, or elsewhere in Florida and, Defendant maintains offices in and conducts business in Miami Dade County, Florida, or elsewhere in Florida.

4. Plaintiff, JOSE G. HERNANDEZ is over eighteen years of age, and maintains his

residence in Miami-Dade County, Florida, within the jurisdictional limits of this Honorable Court, and is otherwise sui juris in all respects.

5. Plaintiff, LEYLA MOSQUERA is over eighteen years of age, and maintains her residence in Broward County, Florida, within the jurisdictional limits of this Honorable Court, and is otherwise sui juris in all respects.

6. Upon information and belief, other similarly situated Plaintiffs are over the age of eighteen, maintain residence in Miami Dade and Broward County, Florida, and are sui juris in all respects.

7. Defendant, ROYCE, at all times material hereto, was Plaintiffs' "employer," as that term is defined by the FLSA, and a Delaware corporation, doing business within Florida and the jurisdictional limits of this Honorable Court, and is sui juris in all respects. Additionally, Defendants, MOSCU, and BANDEL, at all times material hereto were also Plaintiffs' "employers" as that term is defined by the FLSA.

8. Upon information and belief, at all times material hereto, Defendant, ROYCE, is and was an enterprise engaged in interstate commerce and had annual gross sales volume in excess of $500,000.00.

9. At all times material hereto, Plaintiffs, and all other similarly situated Plaintiffs, were Defendants' employees engaged in commerce, in the production of goods for commerce, or handled, sold, or otherwise worked on goods or materials that moved in or were produced for commerce for Defendants' business.

10. At all times material hereto, Plaintiffs, and all other similarly situated Plaintiffs, performed work that was directly essential to Defendants' business.

11. At all times material hereto, as a result of the work performed by Plaintiffs, or similarly situated Plaintiffs, Defendants were engaged in interstate commerce.

12. At all times pertinent hereto, Plaintiffs, or similarly situated Plaintiffs, were paid a salary based upon an hourly wage during their employment with Defendants.

13. At all times material hereto, Plaintiffs, or similarly situated Plaintiffs, were paid on a weekly or bi-weekly basis by the Defendants.

14. At all times material hereto, Plaintiff, or similarly situated Plaintiffs, worked in excess of forty (40) hours per week.

15. At all times material hereto, Defendants did not pay Plaintiff, or similarly situated Plaintiffs, for the hours that they worked in excess of forty (40) hours per week, as required by the FLSA.

16. Defendants knew, or should have known of their responsibility to pay their employees in accordance with the FLSA.

17. Upon information and belief, at all times material hereto, Defendants failed to adequately disclose, provide, or post notices required by the FLSA to its employees, as required by the FLSA, as to the employees' rights under the FLSA.

18. Defendants' failure to disclose, provide, or make notices available to its employees, and its failure to pay its employees in accordance with the FLSA evidence a willful violation of the FLSA. Further, any failure to pay overtime wages to Plaintiffs or those similarly situated to Plaintiffs evidence a willful violation of the FLSA. Consequently, the Plaintiffs and similarly situated Plaintiffs are entitled to the liquidated damages provided for pursuant to the FLSA.

19. Plaintiffs, and similarly situated Plaintiffs are entitled to recover reasonable attorneys fees and costs pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs have retained the undersigned law firm, Frank, Weinberg & Black, P.L., to represent them in the instant case, and have agreed to pay said firm a reasonable fee for its services.

**COUNT I - PLAINTIFF, JOSE G. HERNANDEZ CLAIM FOR RECOVERY OF OVERTIME COMPENSATION**

21. Plaintiffs readopt and realleges all allegations contained in Paragraphs 1 through 20, as set forth above, as if more fully alleged herein, and further alleges:

22. In or about May 2, 2003, Plaintiff, JOSE G. HERNANDEZ ("HERNANDEZ") was hired by Defendant, ROYCE, and was employed by MOSCU and BANDEL as well.

23. On or about April 15, 2005, HERNANDEZ' employment with Defendants was terminated.

24. At all times material hereto, Defendants paid HERNANDEZ a salary based upon an hourly wage at the regular rate.

25. At all times material hereto, Defendants did not pay HERNANDEZ for time worked in excess of 40 hours in a single work week and in addition, failed to pay HERNANDEZ one and one-half times HERNANDEZ's hourly rate of pay for hours HERNANDEZ worked in excess of forty (40) hours per week.

26. All records regarding the number of hours HERNANDEZ worked and the amount of compensation Defendants paid HERNANDEZ are within Defendants' possession, custody, or control. Therefore, Plaintiff cannot specifically state his damage claim. HERNANDEZ will attempt to obtain information, through discovery, necessary to state his claim for damages with specificity and will seek leave of court to amend the instant Complaint accordingly.

WHEREFORE, JOSE G. HERNANDEZ respectfully requests that this Honorable Court enter Judgment in favor of said Plaintiff, and against the Defendants, for damages as provided for pursuant to the terms of the FLSA, including, but not limited to, overtime wages, liquidated damages, pre and post judgment interest at the highest legal rate, and reimbursement of said Plaintiff's reasonable attorneys fees and costs associated with the bringing of this action, along with any other affirmative and/or equitable relief this Honorable Court deems just under the circumstances.

### COUNT II - PLAINTIFF, LEYLA MOSQUERA'S CLAIM FOR RECOVERY OF OVERTIME COMPENSATION

27. Plaintiffs readopt and realleges all allegations contained in Paragraphs 1 through 20, as set forth above, as if more fully alleged herein, and further alleges:

28. On or about March 8, 2005, Plaintiff, LEYLA MOSQUERA ("MOSQUERA") was hired by Defendant, ROYCE, and was employed by MOSCU and BANDEL as well.

29. On or about December 30, 2005, MOSQUERA's employment with Defendants was terminated.

30. At all times material hereto, Defendants paid MOSQUERA a salary based upon an hourly wage at the regular rate.

31. At all times material hereto, Defendants did not pay MOSQUERA for time worked in excess of 40 hours in a single work week and in addition, failed to pay MOSQUERA one and one-half times MOSQUERA's hourly rate of pay for hours MOSQUERA worked in excess of forty (40) hours per week.

32. All records regarding the number of hours MOSQUERA worked and the amount of compensation Defendants paid MOSQUERA are within Defendants' possession, custody, or control. Therefore, Plaintiff cannot specifically state his damage claim. MOSQUERA will attempt to obtain information, through discovery, necessary to state his claim for damages with specificity and will seek leave of court to amend the instant Complaint accordingly.

WHEREFORE, LEYLA MOSQUERA respectfully requests that this Honorable Court enter Judgment in favor of said Plaintiff, and against the Defendants, for damages as provided for pursuant to the terms of the FLSA, including, but not limited to, overtime wages, liquidated damages, pre and post judgment interest at the highest legal rate, and reimbursement of said Plaintiff's reasonable attorneys fees and costs associated with the bringing of this action, along with any other affirmative and/or equitable relief this Honorable Court deems just under the circumstances.

### COUNT III - SIMILARLY SITUATED PLAINTIFF'S CLAIM FOR RECOVERY OF OVERTIME COMPENSATION

33. Plaintiffs similarly situated readopt and reallege all allegations contained in Paragraphs 1 through 20, as set forth above, as if more fully alleged herein, and further

allege:

34. At all times material hereto, Defendants did not pay similarly situated Plaintiffs one and one-half times Plaintiff's hourly rate of pay for hours similarly situated Plaintiffs worked in excess of forty (40) hours per week.

35. All records regarding the number of hours similarly situated Plaintiffs worked and the amount of compensation Defendants paid similarly situated Plaintiffs are within Defendants' possession, custody, or control. Therefore, similarly situated Plaintiffs cannot specifically state their damage claim. Similarly situated Plaintiffs will attempt to obtain information, through discovery, necessary to state their claim(s) for damages with specificity and will seek leave of court to amend the instant Complaint accordingly.

WHEREFORE, similarly situated Plaintiffs respectfully requests that this Honorable Court enter Judgment in favor of the similarly situated Plaintiffs, and against the Defendants, for damages as provided for pursuant to the terms of the FLSA, including, but not limited to, overtime wages, liquidated damages, pre and post judgment interest at the highest legal rate, and reimbursement of similarly situated Plaintiff's reasonable attorneys fees and costs associated with the bringing of this action, along with any other affirmative and/or equitable relief this Honorable Court deems just under the circumstances.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

Respectfully submitted, this ___ day of August, 2006.

FRANK, WEINBERG & BLACK, P.L.
Attorneys for Plaintiffs
7805 S. W. 6th Court
Plantation, Florida 33324
(954) 474-8000

By: _____
MARC A. SILVERMAN
Florida Bar No. 144444

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE:** Attorneys MUST Indicate All Re-filed Cases Below.

**06-21994**

### I. (a) PLAINTIFFS
Leyla Mosquera & Jose Hernandez, individually and on behalf of others similarly situated

### DEFENDANTS
Royce Corporation, a Delaware corporation, d/b/a in Florida as Havea Corp., Marian Moscu, individually & Roberto Bandel,

**CIV-SEITZ**

(b) County of Residence of First Listed Plaintiff: **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Miami-Dade**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Frank Weinberg & Black, P.L.   Tel: 954.474.8000
7805 SW 6th Court
Plantation, FL 33324
Marc A. Silverman #144444

Attorneys (If Known)

Dade 06cv21994 / PAZ/McAliley

(d) Check County Where Action Arose: ☑ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☑ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page)

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☑ NO

JUDGE                            DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

FLSA 29 U.S.C. Sec. 201, et seq./Failure to pay overtime wages.

LENGTH OF TRIAL via **4** days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  8/7/06

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 544828

08/08/06